UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRANSEN A. PARDUHN,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>BONNEVILLE COUNTY and IDAHO DEPARTMENT OF CORRECTION,<br><br>　　　　　　Defendants. | Case No. 4:24-cv-00204-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

　　　　The Clerk of Court conditionally filed Plaintiff Bransen A. Parduhn's Complaint as a result of Plaintiff's status as an inmate. The Court now reviews the Complaint to determine whether it should be summarily dismissed in whole or in part under 28 U.S.C. § 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

**1.　　Pleading Standards and Screening Requirement**

　　　　A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under modern pleading standards, Rule 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted).

If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted). Bare allegations that amount to a mere restatement of the elements of a cause of action, without adequate factual support, are not enough.

The Prison Litigation Reform Act ("PLRA") requires that the Court review complaints filed by prisoners seeking relief against a governmental entity, or an officer or employee of a governmental entity, to determine whether summary dismissal is appropriate. The Court must dismiss any claims that do not have adequate factual support or are frivolous or malicious. 28 U.S.C. § 1915A.

The Court also must dismiss claims that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. *Id*. These last two categories—together with claims that fall outside a federal court's narrow grant of jurisdiction—encompass those claims that might, or might not, have factual support but nevertheless are barred by a well-established legal rule.

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (stating that Rule 12(b)(6) authority to dismiss claims was expanded by the PLRA, giving courts power to dismiss deficient claims, sua sponte, before or after opportunity to amend).

**2.     Factual Allegations**

Plaintiff is an inmate currently held in the Bonneville County Jail. Plaintiff alleges that, on February 12, 2023, he slipped and fell while walking in the jail corridor. Water that been leaking from the ceiling, and Plaintiff was injured in the fall. *Compl*., Dkt. 1, at 2.

Plaintiff states that he was "denied medical treatment." *Id*. However, the only detail Plaintiff provides about his treatment is that, although he was prescribed the medication gabapentin when he was formerly held in the Bingham County Jail, an unidentified individual at the Bonneville County Jail discontinued the medication. Plaintiff does not disclose whether any other medication was prescribed by a medical provider at the Bonneville County Jail, nor does Plaintiff describe any medical evaluations that occurred at the jail. *Id*.

As a result of the injury, Plaintiff suffers from serious back pain and numbness in his left side. Plaintiff names as Defendants Bonneville County and the Idaho Department of Correction ("IDOC"), and he seeks monetary damages. *Id*.

3. **Discussion**

Because the Complaint is overly vague and generalized and contains no details about Plaintiff's medical condition or treatment, Plaintiff has not stated a claim upon which relief may be granted. The Court will, however, grant Plaintiff 28 days to amend the Complaint. Any amended complaint should take into consideration the following.

   A. *Section 1983 Claims*

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Jail officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists ... a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging that a defendant (1) set in motion a series of acts by others that

violated the Constitution, or knowingly refused to terminate a series of such acts, which the supervisor "knew or reasonably should have known would cause others to inflict a constitutional injury"; (2) knowingly failed to act or acted improperly "in the training, supervision, or control of his subordinates"; (3) acquiesced in the constitutional deprivation; or (4) engaged in "conduct that showed a reckless or callous indifference to the rights of others." *Id*. at 1205–09 (internal quotation marks omitted). A plaintiff may seek injunctive relief from officials who have direct responsibility in the area in which the plaintiff seeks relief. *See Rounds v. Or. State Bd. of Higher Educ.*, 166 F.3d 1032, 1036 (9th Cir. 1999).

A claim that a supervisor or training official failed to adequately train subordinates ordinarily requires that, "in light of the duties assigned to specific officers or employees[,] the need for more or different training [was] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the [supervisor or training official] can reasonably be said to have been deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). That is, to maintain a failure-to-train claim, a plaintiff must allege facts showing a "pattern of violations" that amounts to deliberate indifference. *Connick v. Thompson*, 563 U.S. 51, 72 (2011).

Likewise, "a failure to supervise that is sufficiently inadequate may amount to deliberate indifference" that supports a § 1983 claim, but there generally must be a pattern of violations sufficient to render the need for further supervision obvious. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (internal quotation marks omitted). That is, if a supervisory or training official had "knowledge of the

INITIAL REVIEW ORDER BY SCREENING JUDGE - 5

unconstitutional conditions" through such a pattern of violations—including knowledge of the "culpable actions of his subordinates"—yet failed to act to remedy those conditions, that official can be said to have acquiesced "in the unconstitutional conduct of his subordinates" such that a causal connection between the supervisor and the constitutional violation is plausible. *Starr*, 652 F.3d at 1208.

To bring a § 1983 claim against a local governmental entity such as Bonneville County, a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains, as required by *Monell v. Department of Social Services of New York*, 436 U.S. 658, 694 (1978). Under *Monell*, the requisite elements of a § 1983 claim against such an entity are the following: (1) the plaintiff was deprived of a constitutional right; (2) the entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001). An entity also "may be held liable under § 1983 when the individual who committed the constitutional tort was an official with final policy-making authority" or when "such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010), *overruled in part on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1069 (9th Cir. 2016) (en banc).

An unwritten policy or custom must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice. *Monell*, 436 U.S. at 691 (quoting

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167–168 (1970)). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

Though Plaintiff cites the Fourth, Fifth, Eighth, and Fourteenth Amendments, *see* Compl. at 2, only the Eighth and the Fourteenth Amendments are implicated by the allegations in the Complaint.[1]

It is unclear whether Plaintiff was a convicted inmate or a pretrial detainee at the time his claims arose. Because the legal standards applicable to Plaintiff's conditions-of-confinement claims differ depending on that distinction, Plaintiff must clarify his status in any amended complaint.

---

[1] The Fourth Amendment protects against unreasonable searches and seizures by the government. The Fifth Amendment guarantees (1) the right to a grand jury in federal criminal cases, (2) the right not to be subject to double jeopardy, (3) the right to be free from compelled self-incrimination, (4) the right to due process from the federal government, and (5) the right to compensation from the taking of private property for public use. U.S. Const., amend. IV, V. The Complaint does not implicate any of these rights.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 7

If Plaintiff was a convicted inmate when his claims arose, then the Eighth Amendment governs his jail-conditions claims. That amendment protects prisoners against cruel and unusual punishment and guarantees prisoners the right to minimally adequate conditions of confinement. To state a claim under the Eighth Amendment, prisoners must plausibly allege that they are "incarcerated under conditions posing a substantial risk of serious harm," or that they have been deprived of "the minimal civilized measure of life's necessities" as a result of the defendants' actions. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). An Eighth Amendment claim requires the plaintiff to satisfy both (1) an objective standard, "that the deprivation was serious enough to constitute cruel and unusual punishment," and (2) a subjective standard, that the defendant acted with "deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc).

The Eighth Amendment includes the right to adequate medical treatment in prison. Prison officials or prison medical providers can be held liable if their "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Regarding the objective standard for prisoners' medical care claims, "society does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Therefore, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id*. The Ninth Circuit has defined a "serious medical need" in the following ways:

INITIAL REVIEW ORDER BY SCREENING JUDGE - 8

> failure to treat a prisoner's condition [that] could result in further significant injury or the unnecessary and wanton infliction of pain[;] . . . [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain . . . .

*McGuckin v. Smith,* 974 F.2d 1050, 1059-60 (9th Cir. 1992) (internal citations omitted), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

As to the subjective standard, "deliberate indifference entails something more than mere negligence, [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. A prison official or prison medical provider acts with deliberate indifference "only if the [prison official or provider] knows of and disregards an excessive risk to inmate health and safety." *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) (internal quotation marks omitted), *overruled on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc). "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Farmer*, 511 U.S. at 837).

In the medical context, deliberate indifference can be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment

INITIAL REVIEW ORDER BY SCREENING JUDGE - 9

once prescribed." *Estelle*, 429 U.S. at 104-05 (footnotes omitted). Medical malpractice or negligence does not support a cause of action under the Eighth Amendment, *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam), and a delay in medical treatment does not violate the Eighth Amendment unless that delay causes further harm, *McGuckin*, 974 F.2d at 1060. Additionally, there is no constitutional right to an outside medical provider of one's own choice. *See Roberts v. Spalding,* 783 F.2d 867, 870 (9th Cir. 1986) ("A prison inmate has no independent constitutional right to outside medical care additional and supplemental to the medical care provided by the prison staff within the institution.").

"If a [jail or prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson*, 290 F.3d at 1188. Moreover, even officials who *did* know of a substantial risk to an inmate's health will not be liable under § 1983 "if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844. If medical personnel have been "consistently responsive to [the inmate's] medical needs," and the plaintiff has not shown that the medical personnel had "subjective knowledge and conscious disregard of a substantial risk of serious injury," there has been no Eighth Amendment violation. *Toguchi*, 391 F.3d at 1061.

"There is not one proper way to practice medicine in a prison, but rather a range of acceptable courses based on prevailing standards in the field." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (internal quotation marks omitted). Accordingly, mere differences in judgment as to appropriate medical diagnosis and treatment between an

inmate and prison medical providers—or, for that matter, between medical providers—are not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

"[T]o prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk' to the prisoner's health." *Toguchi*, 391 F.3d at 1058 (alteration omitted) (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)). Stated another way, a plaintiff must prove that medical providers chose one treatment over the plaintiff's preferred treatment "even though they knew [the plaintiff's preferred treatment] to be medically necessary based on [the plaintiff's] records and prevailing medical standards." *Norsworthy v. Beard*, 87 F. Supp. 3d 1104, 1117 (N.D. Cal. 2015). To violate the Eighth Amendment, the choice of treatment must have been "so inadequate that it demonstrated an absence of professional judgment, that is, that no minimally competent professional would have so responded under those circumstances." *Collignon v. Milwaukee Cnty.*, 163 F.3d 982, 989 (7th Cir. 1998); *see also Lamb v. Norwood*, 899 F.3d 1159, 1162 (10th Cir. 2018) ("[P]rison officials do not act with deliberate indifference when they provide medical treatment even if it is subpar or different from what the inmate wants.").

Accordingly, prison medical providers do not act with deliberate indifference solely by disagreeing with an outside doctor's treatment recommendation or by choosing a different treatment than that requested by an inmate. However, if the prison provider's

chosen treatment proves ineffective, a continued refusal to try other treatments can constitute deliberate indifference.

In *Snow*, for example, the Ninth Circuit held that a genuine factual issue existed as to whether providers violated the Eighth Amendment by denying double hip replacement surgery to an inmate whose hips had degenerated so badly that he could not walk and who was in constant, severe pain. 681 F.3d at 988. Evidence suggested that providers had "ignored outside expert advice, relying solely on their own medical judgment for three years before eventually approving surgery." *Id*. This was sufficient to raise an inference of deliberate indifference even though a "medication-only course of treatment may have been medically acceptable for a certain period of time." *Id*. At some point, ignoring a "long term" recommendation of an outside provider may become "medically unacceptable." *Id*.

Non-medical prison personnel generally are entitled to rely on the opinions of medical professionals with respect to the medical treatment of an inmate. However, if "a reasonable person would likely determine [the medical treatment] to be inferior," the fact that an official is not medically trained will not shield that official from liability for deliberate indifference. *Snow*, 681 F.3d at 986 (internal quotation marks omitted); *see also McGee v. Adams*, 721 F.3d 474, 483 (7th Cir. 2013) (stating that non-medical personnel may rely on medical opinions of health care professionals unless "they have a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner") (internal quotation marks omitted).

If Plaintiff was a pretrial detainee when his claims arose, then the Court must analyze his medical treatment claims under the Due Process Clause of the Fourteenth Amendment. Jail conditions, including medical treatment, violate the Due Process Clause if those conditions amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

Detainees' conditions-of-confinement claims are analyzed using a standard of "objective deliberate indifference." *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). Under that standard, a detainee must establish the following elements:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* The application of this standard "will necessarily turn on the facts and circumstances of each particular case." *Id.* (internal quotation marks and alteration omitted).

Although the Court uses an objective standard in evaluating conditions-of-confinement claims of pretrial detainees, this standard must not be confused with the objective standard used for evaluating claims of negligence under state law. This is because negligence—the "mere lack of due care" by a governmental official—"does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Castro*, 833 F.3d at 1071; *see also Daniels v. Williams*, 474 U.S. 327, 332 (1986) (stating that negligence and ordinary negligence are not actionable under § 1983, because such

INITIAL REVIEW ORDER BY SCREENING JUDGE - 13

actions are not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person"). Therefore, a pretrial detainee complaining of unconstitutional conditions of confinement must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Castro*, 833 F.3d at 1071.

      Plaintiff's allegation that the water from the jail ceiling caused him to slip and fall does not state a plausible due process or Eighth Amendment claim. At most, the claim alleges negligence, which—as explained above—is insufficient to state a constitutional claim under § 1983. *See Broughton*, 622 F.2d at 460; *Daniels*, 474 U.S. at 332.

      As for Plaintiff's claims of inadequate medical treatment, the Complaint alleges only that, at most, an unknown medical provider disagreed with Plaintiff's previous provider as to appropriate pain management treatment. Such disagreements do not give rise to a colorable § 1983 claim under either the Eighth or the Fourteenth Amendment. *See Sanchez*, 891 F.2d at 242.

      Further, the Complaint does not plausibly allege that Bonneville County has (or had) a policy, custom, or practice of providing inadequate pain management in particular or inadequate medical treatment in general.

      Finally, Plaintiff's § 1983 claims against the IDOC are implausible for two reasons. First, the Complaint contains no allegations against the IDOC or any IDOC official. Second, the IDOC, as a state entity, is immune from suit in federal court under the Eleventh Amendment. *See Hans v. Louisiana*, 134 U.S. 1, 16–18 (1890); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 14

Plaintiff should keep the above standards in mind if he files an amended complaint.

### B. *Bivens* Claims

Plaintiff also asserts claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Compl.* at 1. In *Bivens*, the United States Supreme Court recognized a cause of action for monetary damages against federal officials in their individual capacities for a violation of constitutional rights. A *Bivens* action is the federal analog to an action brought under § 1983, and a plaintiff asserting a *Bivens* claim must show that the defendant was acting under color of federal law. *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982).

The Complaint does not state a plausible *Bivens* claim because Plaintiff does not allege that any Defendant was acting under color of federal law.

### C. State Law Claims

In addition to § 1983 claims, Plaintiff purports to assert state law claims. *See Compl.* at 1. However, Plaintiff does not identify any such claims. Moreover, because the Complaint fails to state a federal claim upon which relief may be granted, the Court would decline to exercise supplemental jurisdiction over Plaintiff's state law claims in any event. If Plaintiff is allowed to proceed on a federal claim in an amended complaint, and if the amended complaint identifies and states a plausible state law claim, the Court will reconsider the issue of supplemental jurisdiction.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 15

**4.     Standards for Amended Complaint**

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (internal quotation marks and alteration omitted)).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional or statutory provision Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met—for example, Plaintiff must allege facts satisfying the elements of an Eighth Amendment or due process claim; (7) the injury or damages Plaintiff

personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant. In addition, Plaintiff must include facts showing that Plaintiff can meet the *Monell* requirements, if applicable (explained above).

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 28 days, or if the

INITIAL REVIEW ORDER BY SCREENING JUDGE - 17

amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1. The Complaint fails to state a claim upon which relief may be granted. Plaintiff has 28 days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint. Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff no longer intends to pursue this case.[2]

2. If Plaintiff does not file a timely amended complaint, this case may be dismissed with prejudice and without further notice for failure to state a claim upon which relief may be granted, failure to prosecute, or failure to comply with a Court order.

3. Because an amended complaint is required for Plaintiff to proceed, Plaintiff's request for appointment of counsel (contained in the Complaint)

---

[2] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, for maliciousness, or for failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).

is DENIED without prejudice. Plaintiff may renew the request for counsel in an amended complaint.

DATED: June 24, 2024

_____
B. Lynn Winmill
U.S. District Court Judge