UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRANSEN A. PARDUHN,<br><br>                Plaintiff,<br><br>v.<br><br>BONNEVILLE COUNTY,<br><br>                Defendant. | Case No. 4:24-cv-00204-BLW<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

      Plaintiff Bransen A. Parduhn, an inmate presently confined in the Bonneville County Jail, is proceeding pro se in this civil rights action. The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. *See Initial Review Order*, Dkt. 3.

      Plaintiff has now filed an Amended Complaint, which omits the Idaho Department of Correction as a defendant and names only Bonneville County. Dkt. 5. The Court retains its screening authority pursuant to 28 U.S.C. § 1915A(b).

      Having reviewed the Amended Complaint, the Court concludes that Plaintiff has failed to remedy the deficiencies in the initial complaint, and the Court will dismiss this case under 28 U.S.C. § 1915A.

1.   **Request for Appointment of Counsel**

Plaintiff seeks appointment of counsel. *Am. Compl*. at 3. Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id*. To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate the claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*. Further, an attorney cannot be forced to represent an indigent litigant in a civil case—rather, the attorney can only be "appointed" if she voluntarily accepts the appointment.

The legal issues in this matter are not complex, and Plaintiff has been able to file documents with the Court and protect Plaintiff's interests to date. In addition, as explained below, the Amended Complaint fails to state a federal claim upon which relief may be granted; therefore, Plaintiff does not have a likelihood of

success on the merits of those claims. Accordingly, the Court will deny Plaintiff's request for appointment of counsel.

2.  **Screening Requirement and Pleading Standard**

The Court must dismiss a prisoner complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

3.  **Discussion**

The Amended Complaint asserts that, in February 2023, Plaintiff was walking in the jail and did not realize there was water on the floor. This was caused

by a leaking ceiling. Jail deputies allegedly knew of the leak but did not put a sign on the floor indicating the danger. Plaintiff slipped and fell, injuring his head and back. Plaintiff was not taken to the hospital following the fall. *Am. Compl.* at 2.

### A. Federal Claims

Plaintiff appears to bring at least some of his claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 1576 U.S. 389, 396 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

As explained in the Initial Review Order, conditions-of-detention claims asserted by pretrial detainees[1] are analyzed under the Due Process Clause of the Fourteenth Amendment. That Clause requires a plaintiff to plausibly allege that the

---

[1] The Court assumes that Plaintiff is a pretrial detainee, rather than a convicted inmate, because the standards for pretrial detainees' constitutional claims are more easily met by inmate plaintiffs than those for convicted prisoners. *See Initial Review Order* at 7–14.

defendant acted with "objective deliberate indifference." *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). Though this standard is objective, it requires more than mere negligence on the part of a defendant. *See Kingsley*, 1576 U.S. at 396; *Daniels*, 474 U.S. at 332.

The Amended Complaint, like the initial complaint, plausibly alleges—at most—that unknown jail deputies were negligent. This is insufficient to state a claim for relief under § 1983.

Additionally, nothing in the Amended Complaint supports a reasonable inference that Bonneville County had a policy, custom, or practice of leaving water leaks unaddressed. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (requiring civil rights plaintiffs suing municipal entities to allege an official policy or unofficial custom that caused plaintiff's injuries); *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001) (setting forth the elements of a § 1983 claim against a local governmental entity).

Consequently, the Amended Complaint fails to state a plausible claim under § 1983.

### B. State Law Claims

Plaintiff also asserts claims of negligence under Idaho state law. *Am. Compl.* at 2. However, because the Amended Complaint fails to state a claim on which relief may be granted under federal law, the Court declines to exercise

supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c). If Plaintiff intends to pursue his negligence claims, he must do so in state court.

**4.     Conclusion**

Although pro se pleadings must be liberally construed, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Because Plaintiff has already been given the opportunity to amend and still has failed to state a plausible claim for relief under federal law, the Court will dismiss the Amended Complaint without further leave to amend. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1. Plaintiff's request for appointment of counsel (contained in the Amended Complaint) is DENIED.

2. The Amended Complaint fails to state a claim upon which relief may be granted. Accordingly, for the reasons stated in this Order and the

Initial Review Order (Dkt. 3), this entire case is DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1). The dismissal of Plaintiff's federal claims is with prejudice, and the dismissal of Plaintiff's state law claims is without prejudice.

DATED: October 18, 2024

B. Lynn Winmill
U.S. District Court Judge